UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GILBERTE FOUCHE,

                              Plaintiff,

            -against-

ST. CHARLES HOSPITAL,

                             Defendant.
----------------------------------------------------------X

**DECISION AND ORDER**
14-CV-02492 (ADS)(ARL)

**APPEARANCES:**

**Alero O. Mayor, Esq.**
*Attorney for the Plaintiff*
119 Beach 61st Street
Suite 1
Arverne, NY 11692

**Sheppard Mullin Richter & Hampton, LLP**
*Attorneys for the Defendant*
30 Rockefeller Plaza
New York, NY 10112
      By:    Kevin James Smith, Esq., Of Counsel

**SPATT, District Judge**.

      On April 18, 2014, the Plaintiff Gilberte Fouche (the "Plaintiff") commenced this action against her former employer, the Defendant St. Charles Hospital (the "Defendant"). The Plaintiff asserted three claims for relief: (1) wrongful termination or constructive discharge in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, namely § 510 of ERISA; (2) retaliation in violation of New York Labor Law § 740 and New York Civil Service Law § 75-b; and (3) discrimination on the basis of race, color, gender, and

1

national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), § 2000e *et seq*.

On July 16, 2014, the Defendant moved, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), to dismiss the complaint in its entirety.

On September 8, 2014, the Court granted the Defendant's motion; dismissed the complaint in its entirety; and gave the Plaintiff twenty days to file an amended complaint limited to a claim under 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

On September 25, 2014, the Plaintiff filed an amended complaint, raising claims of discrimination and retaliation in violation of 42 U.S.C. § 1981.

On October 14, 2014, the Defendant moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the amended complaint for failure to state a claim upon which relief can be granted.

For the reasons set forth below, the Defendant's motion to dismiss the amended complaint is granted.

## I. BACKGROUND

Unless stated otherwise, the following facts are drawn from the amended complaint and construed in a light most favorable to the non-moving party, the Plaintiff.

The Plaintiff, a black female of Haitian national origin, is a resident of New York. She is a registered nurse ("RN") and was an employee of the Defendant, a hospital in Suffolk County, New York, from 2005 to 2011. The Plaintiff is a member of the New York State Nurses Association, a labor union that had a collective bargaining agreement with the Defendant at all the relevant times.

The Plaintiff's regular shift as an RN was in the Intensive Care Unit. On October 21, 2011, the Plaintiff covered the Telemetry Unit for the night shift. The Telemetry Unit provided continuing electronic monitoring. A white nurse had been granted overtime and had been scheduled to cover the Telemetry Unit that night. However, that nurse refused to work the shift in the Telemetry Unit and was, instead, permitted to work in the Intensive Care Unit. According to the Plaintiff, she was assigned to the Telemetry Unit as the sole RN, without sufficient supporting staff and with more patients under her care than permitted by the Defendant's internal rules.

During this shift, one patient's defibrillator machine indicated a reading of atrial fibrillation ("A-Fib"). After checking the machine, the Plaintiff phoned the physician in charge of the patient; the physician told the Plaintiff that the patient had a history of such conditions, and prescribed certain medication.

After treating the patient, the Plaintiff discovered a problem with a remote defibrillator monitor; in fact, the Plaintiff subsequently discovered that all the machines in the Telemetry Unit were faulty. The Plaintiff "was then advised that the machines had been malfunctioning for a while and that this was well known to the administration [of the Defendant]." (Amended Compl. ¶ 14.) In a written report, the Plaintiff later documented that the defibrillator machines in the Telemetry Unit were defective.

At the end of the night shift, the physician who advised the Plaintiff on how to treat the patient with "A-Fib" reassured the Plaintiff that the administering of medication to that patient was proper. (Id. ¶ 17.) The Plaintiff claims that she "did not breach any hospital rules or rules of professional conduct applicable to nurses." (Id. ¶ 33.)

3

One week after the Plaintiff's night shift in the Telemetry Unit, she was called to meet with certain administrators employed by the Defendant, after which she was placed on unpaid leave indefinitely. (Amended Compl. ¶ 19.) According to the amended complaint and the charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), the Plaintiff was placed on unpaid leave because of her race, color, gender and national origin and because she complained about the hospital's defective machines. The hospital administration told the Plaintiff that she was subjected to discipline for improperly responding to the patient in "A-Fib" condition on the night shift of October 21, 2011. (Id. at ¶ 21.)

The hospital administration then gave the Plaintiff the "ultimatum" of resigning her job immediately, or remaining on unpaid leave and being subject to investigation by the Office of Professional Discipline, which could impact her RN license. The Defendant did not inform the Plaintiff that her resignation would also automatically "trigger a reporting incident" to the Office of Professional Discipline; rather, the Defendant apparently told the Plaintiff that the matter would not be reported if she resigned. On November 16, 2011, the Plaintiff resigned her employment.

This action followed.

## II. DISCUSSION

A. <u>The Legal Standard on a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss</u>

Under the now well-established <u>Twombly</u> standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929

(2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles. Harris v. Mills, 572 F.3d 66, 71–72 (2d Cir. 2009)(citing Ashcroft v. Iqbal, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. at 72 (quoting Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950.

In considering a motion to dismiss, this Court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in the Plaintiff's favor. Zinermon v. Burch, 494 U.S. 113, 118, 110 S. Ct. 975, 979, 108 L. Ed. 2d 100 (1990); In re NYSE Specialists Secs. Litig., 503 F.3d 89, 91 (2d Cir. 2007). The issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001)(citation omitted).

B. The Claim of Discrimination Under Section § 1981

Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." Domino's Pizza, Inc. v.

5

McDonald, 546 U.S. 470, 474, 126 S. Ct. 1246, 163 L. Ed. 2d 1069 (2006)(quoting 42 U.S.C. § 1981(a)). This section prohibits discrimination "with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship, such as employment." Patterson v. Cnty. of Oneida, 375 F.3d 206, 224 (2d Cir. 2004)(citing Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 68–69 (2d Cir. 2000)).

"To state a claim under Section 1981, 'a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).'" Gaddy v. Waterfront Comm'n, No. 13 CIV. 3322 (AT)(HBP), 2014 WL 4739890, at *5 (S.D.N.Y. Sept. 19, 2014). "Essential to an action under Section 1981 are allegations that the defendants' acts were purposefully discriminatory and racially motivated." Haggood v. Rubin & Rothman, LLC, No. 14-CV-34L (SJF)(AKT), 2014 WL 6473527, at *7 (E.D.N.Y. Nov. 17, 2014)(quoting Albert v. Carovano, 851 F.2d 561, 571)(2d Cir. 1988).

Thus, "to survive a motion to dismiss, the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." Williams v. New York City Hous. Auth., No. 05 CIV. 2750 (DC), 2007 WL 4215876, at *4 (S.D.N.Y. Nov. 30, 2007)(quoting Yusuf v. Vassar Coll., 35 F.3d 709, 713)(2d Cir. 1994)(quotation marks omitted). Naked assertions of race discrimination, without any supporting facts, are insufficient to state a Section 1981 claim. Yusuf, 35 F.3d at 713; see also e.g., Albert, 851 F.2d at 572 (finding the "naked allegation that [the defendants] 'selectively enforced the College rules against plaintiffs because they are black

or Latin' "to be "too conclusory to survive a motion to dismiss")(alterations omitted); Hines v. F.J.C Sec. Co., 96 Civ. 263 (JFK), 1998 WL 60967, at *3 (S.D.N.Y. Feb. 13, 1998)(concluding that "[t]he bare assertion that [the][d]efendants denied [the] [p]laintiff access to the government building" because of the plaintiff's skin color, "without any specific allegation of a causal link between the [d]efendants' conduct and the [p]laintiff's race, is too conclusory to withstand a motion to dismiss").

Here, the only allegation possibly raising an inference of discrimination – namely, that had the Plaintiff been white, she would not have been required to work on the Telemetry Unit – has little to do with the only potentially actionable adverse employment action, namely the constructive discharge.

Indeed, the facts alleged in support of the discrimination claim are sparser than those which formed the basis of the legally deficient § 1981 claim in De La Peña v. Metro. Life Ins. Co., 953 F. Supp. 2d 393, 413 (E.D.N.Y. 2013)(Spatt, J.), aff'd sub nom. De La Pena v. Metro. Life Ins. Co., 552 F. App'x 98 (2d Cir. 2014). In that case, this Court dismissed the complaint of a plaintiff who was the only Filipino who worked in his unit even though one of his supervisors made a derogatory comment to him about Filipinos.

Here, by contrast, the Plaintiff's bald assertions of discrimination — unsupported by any meaningful comments, actions, or examples of similarly-situated persons outside of the Plaintiff's protected class being treated differently — are insufficient to survive a motion to dismiss. Accordingly, the Court dismisses the Plaintiff's claim of discrimination under Section § 1981.

C. The Claim of Retaliation Under § 1981

Section 1981 also provides a cause of action for individuals who are retaliated against for complaining about discrimination. CBOCS W., Inc. v. Humphries, 553 U.S. 442, 457, 128 S. Ct. 1951 (2008). "A section 1981 retaliation claim includes the same substantive elements as a Title VII retaliation claim, namely, '(1) participation in a protected activity; (2) [defendant's knowledge] of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.'" Gomez v. City of New York, No. 12-CV-6409 (RJS), 2014 WL 4058700, at *5 (S.D.N.Y. Aug. 14, 2014)(quoting Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010))(citations and internal quotation marks omitted).

As to the first required element, "[i]n the context of retaliation against a discrimination complaint, the first prong of the *prima facie* standard requires plaintiff to have taken 'action . . . to protest or oppose statutorily prohibited discrimination.'" Hayes v. Cablevision Sys. New York City Corp., No. 07-CV-2438 (RRM), 2012 WL 1106850, at *16 (E.D.N.Y. Mar. 31, 2012)(italics added)(citation omitted). "This protected activity must put the employer on notice that the employee feels that he has been the object of discrimination. 'Complaints about conduct prohibited by the statute need not mention discrimination or use particular language,' but 'ambiguous complaints that do not make the employer aware of alleged discriminatory misconduct do not constitute protected activity.'" Id. (citations omitted).

Here, the amended complaint indicates that the Plaintiff did not put her employer on notice of the alleged racial discrimination at the time of her complaint. Rather, the Plaintiff lodged a complaint regarding the Defendant's policies and practices concerning defibrillators

8

that allegedly endangered patients. The Court notes that the Plaintiff's complaint to her supervisor was race-neutral.

For this reason, the Plaintiff fails to state a *prima facie* claim of retaliation on the basis of race in violation of Section § 1981.

D. Leave to Replead

Under Fed. R. Civ. P. 15(a), leave to replead should be freely given. However, the Court declines to do so in this case because the Plaintiff has "requested leave to amend without any suggestion of what changes such amendment might effect" or how such changes might rescue the complaint. In re SAIC Inc. Derivative Litig., 948 F. Supp. 2d 366, 392 (S.D.N.Y.2013), aff'd sub nom. Welch v. Havenstein, 553 Fed. Appx. 54 (2d Cir. 2014); see also In re Goldman Sachs Mortgage Servicing S'holder Derivative Litig., ––F. Supp. 2d ––, ––, No. 11 Civ. 4544 (WHP), 2012 WL 3293506, at *11 (S.D.N.Y. Aug. 14, 2012)("Here, Plaintiffs failed to advise this Court of how an amendment would cure defects in the Complaint"). In other words, a review of the Plaintiff's opposition papers reveals no additional facts or theories that would be raised in an amended complaint.

"As a result, the Court has 'no inkling of what [the] amendment might look like or what additional facts may entitle [the Plaintiff] to relief.'" Ahluwalia v. St. George's Univ., LLC, No. 14-CV-3312 (ADS)(GRB), 2014 WL 6674615, at *16 (E.D.N.Y. Nov. 25, 2014)(quoting 545 Halsey Lane Properties, LLC v. Town of Southampton, No. 14–CV–2368 (ADS)(GRB), 2014 WL 4629087, at *8 (E .D.N.Y. Sept. 16, 2014)(quoting St. Clair Shores Gen. Employees Ret. Sys. v. Eibeler, 745 F. Supp. 2d 303, 316 (S.D.N.Y. 2010)). "Rule 15(a) is not a shield against dismissal to be invoked as either a makeweight or a fallback position in response to a dispositive

9

motion." DeBlasio v. Merrill Lynch & Co., Inc., No. 07 Civ. 0318 (RJS), 2009 WL 2242605, at *41 (S.D.N.Y. July 27, 2009).

For this reason, the Court exercises its discretion to deny the Plaintiff's alternative request for leave to replead.

### III. CONCLUSION

Based on the foregoing reasons, the Defendant's motion to dismiss the amended complaint is granted; the amended complaint is dismissed in its entirety; leave to replead is denied; and the Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**
Dated: Central Islip, New York
December 10, 2014

                                              *Arthur D. Spatt*
                                              ARTHUR D. SPATT
                                             United States District Judge